May it please the court I'm Coulter Paulson of Squire Sanders and the University of Cincinnati Sixth Circuit Clinic and I represent Mr. Peoples. I've reserved three minutes for rebuttal. You may and you may proceed. Trial counsel's failure to show that the prosecutor's key witnesses were lying about the only physical evidence connecting Mr. Peoples to the crime fell below an objective standard of reasonableness. No one contests that trial counsel knew that Mr. Harris was the one that was sitting in the driver's seat where the murder weapon was found. He allowed the jury to believe that Mr. Harris and Mr. Powell were telling the truth about who was driving the car and therefore he allowed the jury to believe that the prosecution's theory that the person that owned the murder weapon was the person sitting in the driver's seat. He had no excuse to do this. Before trial Mr. Peoples sent him a letter containing both the police report showing that Mr. Harris was the driver and Mr. Harris's charge sheet which charged him with driving offenses from the car chase. Was that the only evidence that connected the client to the weapon? Because one of the things we have to show is whether this would have made a difference in the outcome of the jury and I understand you're saying that he allowed the jury to believe this but is this the only piece of evidence that was that formed that connecting link to that weapon? That's a great question. The evidence that connects him to the crime is the fact that he was in the car where the murder weapon was found and the testimony of Powell and Harris. Those are the only, so there's physical evidence he was in the car where the murder weapon was found and then the other occupants in the car testified oh he was sitting where the fact it was found and he told us that he used it to shoot the other. So that's the universe of evidence that the jury had before it. And the, as I'll talk about, the fact that he was sitting in the seat where the murder weapon was found the prosecutor used that to bolster the story of these two of Harris and Powell who the prosecutor had to acknowledge were criminals and had you know the jury had a reason not to believe them but it was bolstered by this evidence that well he was there and he was found. And trial counsel knew this. He even asked Harris and Powell about the charges they got in the case and he could have, one more question would have been and you were also charged with you Well the state you know state argues I think that the attorney's decision not to you know seek to impeach Powell and Harris was you know sound trial strategy because asking more questions about the car chase and circumstances surrounding it may have opened up a can of worms that would have been harmful to Mr. Peoples. That is the main argument. And so how do you respond? So I don't think that it makes sense because there were already there was already lots of testimony about the car chase including the facts that the car was stolen that they were chased by the police and that they crashed during the chase and that they ran away afterwards but were caught. In fact one of the officers that participated that drove the car actually chasing during the car chase officer Lazar testified at trial about chasing them in his police car. Yet no one asked officer Lazar was the defendant the driver. It would have been one question to him one question to Harris or Powell. It would have been really easy to bring this out and there and since they were already testifying about what happened I don't see see how that that was gonna hurt when the testimony was out there. In fact it would help because the jury came away with the idea that Mr. Peoples was the one that was you know leading the car chase. Now I don't know if that's an effective assistance of counsel but you're also arguing that the defense had an obligation a duty to cross-examine these people to bring this out but also the prosecution had an obligation and a duty to bring this out. Is that correct? That's right. Okay. The so the prosecutor's theory in this case which I think is important to both both of our claims is and here's what she told the jury. This brings us to the guys in the car ladies and gentlemen. You heard about the weapons and lo and behold first of all we have both witnesses putting Mr. Peoples indicating Mr. Peoples is driving the Jaguar. Mr. Powell and Mr. Harris bailed out of the passenger side of the car and then she asked where is the murder weapon found in this case ladies and gentlemen? Where's the gun? It's found on the driver's floorboard. Remember I sat down underneath where Mr. Peoples would have been in the Jag. The car crashes he dumps the gun and he's out. The gun that was used in the murder. That was her theory. Incredibly your honor her theory depended on him being in the driver's seat which was a fact that she and defense counsel both knew was false. But counsel Powell and Harris didn't base their testimony that Peoples was the shooter solely on his position in the Jag. They claim that Peoples told them the manner in which he executed the decedent. So even if you take out the gun location testimony don't you still have these two witnesses testify as to the manner of execution perpetrated by Peoples? You absolutely do. And it came down to in this case. So we have been to speculate that with this additional testimony the jury would have found differently. That's right. This was a credibility question and unfortunately defense counsel's attempts to impeach Mr. Harris and Mr. Powell on on other things never panned out. His impeachment efforts were were not very well taken and none of them worked. This was you know by the time officer Lazar was on the stand he had fired all of his guns and he had he had nothing to impeach them with. And it would have been one question to officer Lazar was Mr. Peoples the driver that you chased? And then he could have attacked started attacking the credibility of the story because that was his whole defense. It was that they were in the cell together for months and they cooked this up the story up these remarkably similar stories that were present that they said were told it you know very different times but exact same details you know that they cooked that this up when they were in jail. And so well the defense counsel though had an opportunity to cross-examine Powell and Harris. Yes. And so he could have established what you seek to have established on remand through his cross-examination of Powell and Harris by establishing that they weren't credible and that they cooked this up in their jail cell. Is that right? Yes he could have done that using this evidence that they were that they had lied about you know that they were lying about who was driving. But he didn't need that evidence to pursue that line of cross-examination did he? Well he ended up because his attempts at cross-examination fell flat. He did try some some ways to cross-examine them to try to catch them in inconsistencies in their stories but but none of them really worked. He ended up in his closing argument relying on the fact that they were felons and you know and that they shouldn't be believed but the prosecutor came back and said well there were felons sure but look you know we have we have corroboration and they're not just stories. Well you know there's always the possibility that there could have been a better job done that the cross-examination could have been you know more pointed and poignant and more effective but that's not really the standard whether it could have been better whether it could have you know been more Hollywood style or whatever. What is it about this that that you allege fell so far below the standard that it constituted ineffective assistance? The I mean I guess what it comes down to is what we were saying is is that he had he had fired his guns and they didn't work however he did have one lie that he could catch them and he didn't catch them in any lies or at least anything that was relevant to the case but he had this one his Mr. Peoples had told him that he should use this one and he and he failed to to use it and it was it would have turned the prosecutor what's nice about it too is it would have turned the prosecutor's theory on its head her theory was the person who was in the driver's seat dropped the gun there that was the murder weapon they owned it he could have turned if he had done this he would have turned around and said well look the prosecutor's theory is right Mr. Harris was in the driver's seat he dropped the weapon there he was the one that murdered. Can you can you point us to any cases where a federal court has assistance which was in essence the failing to impeach a critical witness do you have you have the well there is a best case on that if you have one I think Wolfenberger is is probably our best case I like it the best because that was one where he failed to call an alibi witness and that was actually how and you can look at this in the same way where he he failed that he could have called any number of officers listed in the police report and asked all of them who was driving the car and I think also Couch v. Booker which talks about where the defense counsel was given a report the report was was important and he could have bolstered his theory by it but and he was asked to do so by his client but he just he just failed to do it I think the same the same comes here there was no given that what his theory wasn't given what the prosecutor's there was just absolutely no read and given all evidence about the car chase he had no objective reason not to use it and I think that I think what it shows is that he was completely unprepared for the case he didn't know what the record was he didn't maybe care what the record was and I think that's objectively unreasonable honor I'm times almost how under prosecutorial misconduct it's kind of the reverse here the prosecutor knew and in its worse for her because she knew she also asked mr. Harris about his offenses went right down the line from his from his sheet his offenses sheet and then stop before she got to the driving offenses she hammered it in closing that she hammered what she knew to be a lie during closing and she said you need to convict him based on this the state courts you know said this testimony is unimportant but but you know you still got the testimony that judge Marbley referenced with Harrison Powell testifying that mr. Peoples admitted that he killed mr. Clark right so irrespective of wherever the gun might be located or who was who was driving the vehicle that's right and the prosecutor used and so and so what he with the defense counsel needed is to turn defense theories around and he needed to cast doubt on the credibility of these witnesses and this was his only chance and if you have one shot to hurt the credibility of the people who's you know when it's a he said she said it essentially you've got one shot at their credibility you're told to do it and you don't do it that's an effective assistance and when the prosecutor is on the other side of that and lets it go because what she knew was a lie that's just I mean I think you know the the legal case talks about the deliberate deception of a court in jurors by the presentation of known false evidence now she asked the question seven times and then she has 13 questions go about mr. Powell not getting a benefit he got six he got six years off of his sentence because of his cooperation and she spent a page and a half that's 1400 to 1401 and 13 different questions saying mr. Powell you receive nothing you receive nothing you receive nothing three months earlier in May 2003 he testified I was promised I would receive credit for and then he got six years off the sentence for it okay well thank you mr. Paulson you will have your full rebuttal thank you good morning your honors Laura Moody on behalf of the state of Michigan from the Michigan Attorney General's office may it please the court petitioners raised several claims but what's really important to note before we begin to talk about any of them is that all of petitioners claims including the ineffective assistance of counsel in the prosecutorial misconduct claim were addressed by the state court on their merits and so a very important part of this case is the standard of review because this is a habeas case and because the state court addressed these claims it's not only that petitioner has to show under the deferential standard of Strickland that counsel was deficient and that the deficiency prejudiced him he has to show additionally that the in adjudicating the Strickland claim and the prospector on this kind of claim okay let me just ask you though the state trial courts order on collateral review says that the claims you say are procedurally defaulted and you say they are have already been adjudicated under the Michigan court rule and they they pointed to six point five oh eight b2 claims denied under six five way d2 are not procedurally defaulted are you saying that the court held that people's both did and did not raise these claims earlier the trial courts opinion is to say the least inarticulate and it does appear clear from the record that he did not raise them in the Michigan Court of Appeals now he did raise the ineffective assistance and are not the ineffective system excuse me the prosecutorial misconduct and the sufficiency for the first time in the Michigan Supreme Court but not in Michigan Court of Appeals d2 is a provision whereby a trial court on the 6500 process can refuse to hear them if they were adjudicated prior on the merits now the Michigan Supreme Court's rejection of the application for leave to appeal was not on merits adjudication because it just says we don't we're not persuaded we should take them so when the trial court relied on d2 I think it did so in error but that d2 analysis does not take away from the second paragraph on that second page of the trial court's order where it says that it was procedurally defaulting or refusing to review them on d3 grounds which is the failure to raise them on direct appeal so are you saying that any error in this case should go to the benefit of the government I'm saying that that a kid a claim is procedurally defaulted when a state court relies expressly on an independent state ground an independent adequate state ground d3 has been held numerous times to be an independent adequate state ground and we do have a trial court order that expressly relies on the independent and adequate state ground and that its discussion of d2 does not take away from its express reliance on d3 and so the claims are procedurally defaulted on the basis of d3 and as well in what we argued in the brief or presented in the brief was in the context in the order did both order procedurally defaulted the claims and also rejected them on the merits it said they did not violate his constitutional rights so these claims were adjudicated on the merits which then means there's a double layer of deference that applies the deference in Strickland and the deference on ADPA and and petitioner I don't believe put it in the proper context there's an extreme double deference this court and the United States Supreme Court itself particularly with ineffective assistance of counsel claims and the ineffective assistance of counsel claim was not part of that trial court order it was clearly adjudicated on the merits both the deficiency prong and the prejudice prong in the Michigan Court of Appeals so there is an extreme deference that applies and the question really is not whether they were wrong or whether petitioner was denied and it was denied effective assistance it's whether they were unreasonable in holding that in the Michigan Court of Appeals and they weren't it was reasonable to reject that claim because as Judge Cole noted it it was good strategy to keep out the facts of that car chase the car chase itself or that the crash and the Jaguar while it was mentioned in the trial not all of the facts that was left out was that it was a home invasion that Powell and Harris and peoples were involved in a claim or a case that was very similar to the one he was being charged with with murder defense counsel could legitimately want to keep that type of information from the jury now the jury was told in kind of bland terms what took place during that car chase that they followed him there was no reason given for why they were following him if you read the there was no mention of a home invasion there's no mention of attempting to rob there was no mention of the speed at which they were going all of the things that could have presented him in a very bad light and it would have opened up the door for the prosecutor to try and come and explain maybe elaborate elaborate on that car chase that even the state court said under said under state law or implicitly under state law it could have opened the door to that this is a circumstantial evidence case when you agree yes and and the only evidence implicating people's came from Powell and Harris and it was all premised on people's being the driver because the proximity of the gun was uber important I think that's not true I think it was not uber important and I think even if you read the prosecutors closing argument the prosecutor didn't was uber important petitioner read to you one brief sentence of an entire closing argument talked about the position of the driver but that was one brief comment and wasn't the position my point is the position of the gun was important to Powell and Harris's testimony and their testimony was essential to get people's convicted and so at the very least an impeachment of Harris and Powell not worthy of belief then that could easily exonerate people's so why is this not so critical a bit of evidence since it's like the fulcrum of the defense theory of the case the position of the the position of the occupants in the car was not uber important one I mentioned even the prosecutor didn't think it was that important but two there was testimony that the guns changed positions that they were thrown out one even thrown out of the car and and the most dynamite piece of evidence that came from that car chase was not who was the driver and that the nine millimeter sig was found on the drivers floorboard most important piece that came out of that was that the only person that was alleged to have been at the murder scene was also in the car where the undisputed murder weapon was in other words there was no there's no dispute that the murder weapon was the nine millimeter sig because expert ballistics testified to that Powell could not have been at the murder scene because he had his boss or supervisor come in from the Detroit news company and testify that he was at work that time during that time they never alleged Harris was there he was not implicated in that murder at all so the uber important piece of evidence that came out of car chase was not that Powell was the driver that people's was the driver but that people's was in the car with a murder weapon that was undisputably at that murder scene and in addition we have Powell and in Harris testifying that that sig was his if you remember Powell said I took the nine millimeter Glock and Harris said I had a Glock as well and Powell said he took the sig off his bed and said and then they questioned him there was further evidence about that sig being his because they testify that when they got to the police station at Southfield okay but I have a question and I understand all of that but my question is did the prosecution represent and argue to the jury that people's was the driver I think she used the evidence to make that argument in closing I think and you can read that one sentence I think she did not rely on it there was no I'm not did the government represent to the jury through either through an evidentiary presentation or argument a fact which they knew to be false there's no evidence that the prosecutor knew that he was not the driver because if you remember the officer didn't testify in the prosecution have evidence that he was the driver other than those the testimony of Powell and what's his there's been no evidence that the prosecutor knew that he was the driver and here's why Powell and Harris both testified he was the driver the officer did not testify he was driving fact the officer at that trial testified that they were that they got out immediately when running it was a pretty bad car crash I don't know the details and you have to remember that murder was being prosecuted in Wayne County the South the car chase was being prosecuted in a convictions he was convicted of two offenses regarding the car chase one was unlawful driving away of an automobile UDAA that does not require he pled guilty to that that does not require you to be the driver you can be guilty of UDAA and not be the driver the one that would require you to be the driver the fleeing and eluding he pled no contest to so he didn't even admit with a guilty plea that he was the driver so I the prosecutor did allow in testimony from Harris and Powell that people's was the driver but there's no indication that she knew that was false if it is false now it's not her case the South of car chase I'm sorry what what's the status of a police report that's been referenced that supposedly I don't know if it was officer mirages reporter which officer was but that report indicates after the accident supposedly that mr. was the driver of the vehicle is that correct statement I have not seen the police report I don't I he has referenced record seven that says there is a police report that said Harris was the driver I have not seen it but I don't know that the prosecutor saw that it's a police report that came from the subsequent car chase not the prosecutors County and what's really more important not more but what is equally as important is whether the prosecutor knew that or not is the question of whether he was denied a fair trial because of it because the issue is and he gets habeas relief because there may have been misconduct or false testimony it's whether that that denied him a fundamentally fair trial even more importantly in habeas for the trial courts rejection of that due process claim is unreasonable and it's not for same reason I think pointed out is that this was not a consequential piece of evidence the most consequential piece of evidence was Powell and Harris's recitation of the murder which completely matched the fact I actually didn't hear them I didn't hear them say this was not consequential because I heard judge Marbley arguing about whether or not this could in fact the ultimate conviction was based now that's what I heard and when you frame it that way I don't think that I mean I what I don't want to speak for him but you know I'm inconsequential to me you were right and I'm sorry I was my paraphrase what I heard judge Marbley say what asked questions about was isn't there additional evidence that made these witnesses credible and that was important to the conviction and so that was my phrasing and I didn't mean to quote him and that is indeed true there was evidence a lot of evidence that had nothing to do with the position of the driver in the car and that being Powell and Harris's testimony regard they weren't there there's no allegation they were there yet they could recite in detail the fact that he threw his keys that they attempted to get into his house that he ran to the back and was shot once in the chest that he got up that he ran to the front and was shot additionally twice in the head that he went back the next day people's dead that there were people on the lawn the next day he couldn't get back in all of that is undisputed and corroborated Powell and Harris would have no way of knowing that they were not participants in that murder scene and yet they could recite in detail what exactly the evidence showed the shots the placement of the shots where the body ended up and in addition there's no way to explain the only person who was at that murder scene was also in the car where the murder weapon was found that is a very consequential piece of evidence and nothing about the position of the driver disputes or undermines any of that other evidence and so when you're talking about whether or not the prosecutor knew that the question that has to be asked before relief is granted is whether it denied him a fair trial was it outcome determinative and it wasn't the prosecutor didn't rely heavily on the position of the driver and closing argument actually relied heavily on the fact that the person was the petitioner was the only person at both the scene of the crash and the scene of the murder and that Harris wasn't and Powell could not have that I think you know my sense is that at least part of mr. people's argument is that if his attorney had impeached Powell and Harris as to these various things not only would have gone to the issue of where the gun was located and who was driving but also the credibility of Harris and Powell who shared a cell for a while in terms of their testimony that people's admitted to the murder and then I guess as he stitches that together that argument he would argue that there's prejudice here because the jury I think of there were deadlocked it was a close case they asked for a transcript at some point and so I guess the argument is that the state's case is pretty much premised on Harris and Powell and their testimony and I know you say there of course there's other evidence and that once they're impeached and all the many of these other evidentiary matters that helped to convict would be sort of impeached well two things you're right there is other evidence that would be unaffected by the the positioning of the driver which I just mentioned the second thing is yes it is helpful to undermine generally the credibility of any prosecution witness especially ones like Powell and Harris but that but that desire to do so has to be weighed against what prejudicial impact the evidence of the impeachment could have and the state has determined in this case that the prejudicial impact of opening the door to a possible evidence about him having done engaged in a home invasion only months after he was being charged with a very similar crime could have on the jury that's for the trial that's for the trial attorney to weigh and while if there could have been some value in undermining the credibility as there is in every case you have to make the calls a trial attorney whether it's worth the risk and this trial attorney decided it was not worth the risk that was reasonable under Strickland and even more so the double layer reasonable under the Court of Appeals opinion that rejected it and I see my time is my time is up and so I would ask that this court affirm the district court okay thank you thank you miss Maria mr. Paulson and I'm sure as you're giving your rebuttal you will make reference to acknowledge that this case is before Senate and I would like we acknowledge both in our original brief and our reply brief that we we acknowledge that the standard review is both Strickland and okay no question about that so as the procedural default I think this is actually a we've heard kind of a new argument from the prosecution about what the what the state trial court judge means which which is the last decision to address the merits and so that's decision we look to she talked about how that d3b is an independent and adequate state ground well if you look if you turn the page to the first page of the decision the court talks about d3 as you know being good cause for failure to raise ground previously in actual prejudice and so if you if you if you read it what it's saying is we've already decided this because that you know that's what the cases she cites is and so I'm bought she says I'm I'm the the previous decisions are binding on me and therefore I can address these claims they've already been addressed and therefore because there's no because they've been addressed then there's no prejudice to you for me not granting this petition so I think that's I think we can you can ignore that the way I like to get back to which is I think the key issue in the case which we've talked about most of the time is how important is so I guess I'd like to make two points on this the first is defense's theory was that they got together while they were in the jail cell and they came up with the exact same story and what's great about this is they both lied about the exact same thing so he can come to the jury and say look they did get together and cook up this story and look they both said the same thing if they hadn't got together with the story they wouldn't have they wouldn't have you know the exact same detail which incidentally was the detail that put Harrison the driver's seat the other thing and I guess here's a way to think about how this affected the trial I'd invite you to read the entire prosecutors closing statement but read it under the assumption that Harrison Powell had lied about who was sitting there and that Powell was lying about getting benefits now the jury was told that Harrison Powell received some sort of immunity yes they were told they received immunity they were not told that that Powell got six years off his sentence he denied that vociferously Harris did the same thing only we're asking for if we if we if the rate isn't granted we're asking for a remand so we can get a copy of mr. Harris's sentencing transcript he received he was so he was he pled almost a year before the trial and then he was only sentenced after mr. people's trial and he was sentenced to time sir after ramming a police car um which is which I think got the district courts attention and that's why it ordered to get the transcripts and I think and what happened is the state came back and said we don't have the transcripts and then the district court decided the case right away we think that the district court should have given the importance of this and the fact that it becomes a successive habeas petition if he can't get it now and so the claim is lost about mr. Harris that also in your light red lights on take about 30 seconds to wrap up if you like to all right back to so as to what the prosecutor knew we have a police report which is all over the record and your honors can read that it's very clear that Harris was the driver the charges that she knew about and then if you read her her she knew everything that they had done in every court this wasn't a case of all I don't know what's happening in the other County the other part is is there Harrison Powell told the same same story and you know they gave all of these details about him coming back and all that but none of that has any connection to mr. people's and that's all thank you okay thank you counsel for your I see that you accepted this case under the Criminal Justice Act we as a court appreciate you doing so and your law firm of course it's a service to mr. people's but it's also a service to the public at large so very much appreciated both lawyers today have done just a fine job of presenting their respective arguments and we thank you so with that case will be submitted and you may call the next case